SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202
Facsimile (212) 422-0925
Attorneys for Defendant
AP&M Field Services, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

In re

CALPINE CORPORATION, et al.,

                                    Debtors.

---------------------------------------------------------------------X

CALPINE EASTERN CORPORATION,

                                    Plaintiff,

          -v-

AP&M FIELD SERVICES, INC.,

                                    Defendant.

---------------------------------------------------------------------X

Chapter 11

Case No. 05-60200 (BRL)
(Jointly Administered)

Adversary Case No.
07-03033 (BRL)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AP&M'S MOTION TO**

**WITHDRAW THE REFERENCE**

NY/513411v1

## PRELIMINARY STATEMENT

Defendant AP&M FIELD SERVICES, INC. ("AP&M") submits this Memorandum of Law in support of its motion for an Order pursuant to Title 28, Section 157(d), withdrawing the reference of the above captioned adversary proceeding, which was filed by Calpine Eastern Corporation ("Calpine") as a Chapter 11 debtor-in-possession in the United States Bankruptcy Court for the Southern District of New York.

This dispute arises from certain work performed by AP&M on a gas turbine located at a power generating facility operated by Calpine. The work was performed pursuant to a Continuing Services Agreement entered into by the Parties, prior to Calpine's voluntary Chapter 11 bankruptcy petition. Calpine filed this Adversary Proceeding in the bankruptcy court claiming that AP&M failed to properly perform maintenance and comply with certain provisions of the pre-petition contract.

This Court should find that cause exists to withdraw the reference of this adversary proceeding because: (1) it is "non-core;" (2) AP&M does not consent to the issuance of a final order or judgment by the bankruptcy court; and (3) AP&M intends to demand a jury trial for these legal claims. Pursuant to Title 28, Section 157, the bankruptcy court does not have jurisdiction to hold a jury trial for "non-core" proceedings. In addition, the bankruptcy court does not have the authority to issue a final judgment or order in a "non-core" matter. The bankruptcy court must submit proposed findings of fact and conclusions to the district court for de novo review. Therefore, since Calpine's claims are "non-core," withdrawal of the reference preserves judicial resources and avoids duplicative efforts by the bankruptcy and district courts.

2

NY/513411v1

## STATEMENT OF FACTS

In October 2005, AP&M and Calpine entered into the Continuing Services Agreement (the "Agreement"), which was effective beginning on October 1, 2005. See Affidavit of Scott L. Haworth ("Haworth Aff.") at ¶ 4. Pursuant to the Agreement, AP&M contracted to perform the services, on the turbine located at Calpine's facility, as set forth in any Purchase Order thereafter entered into by the Parties. See id. at ¶ 5. The turbine provides power to John F. Kennedy Airport and incremental power indirectly to Consolidated Edison Company of New York. See id.

For reasons unrelated to the current action, on December 20, 2005, Calpine's parent company, Calpine Corporation, and certain of its subsidiaries, including Calpine, filed a voluntary petition for relief under Title 11 of the Bankruptcy Code. See id. at Exhibit A ¶ 13. Plaintiff's reorganization petition is currently pending in the United States Bankruptcy Court for the Southern District of New York ("bankruptcy petition"). See id. at Exhibit A.

Plaintiff alleges that on February 9, 2006, it issued a purchase order requesting that AP&M perform maintenance on the turbine. See id. at Exhibit A ¶ 4. The services requested in the purchase order were based on a service bulletin issued by General Electric ("GE"), the turbine manufacturer, instructing owners to perform specific maintenance on the turbine. See id. at Exhibit A ¶ 19. On March 6, 2006, AP&M installed various parts on the turbine according to the purchase order. Pursuant to Federal Regulations applicable to jet engines, at all times that AP&M performed work on the turbine, they were supervised by a Calpine representative. See id. at ¶ 6. All work

NY/513411v1

performed by AP&M was inspected by the Calpine representative, who subsequently signed off on the work. See id. 5.

Plaintiff alleges that on June 3, 2006, the turbine experienced an engine stall, which resulted in an unscheduled power outage. See id. at Exhibit A ¶ 36. Plaintiff further claims that the power outage was caused by AP&M's failure to adequately perform the maintenance required in the GE Bulletin. See id. at Exhibit A ¶ 33. Specifically, Plaintiff alleges that AP&M improperly installed a housing vane actuator. Plaintiff claims that due to AP&M's alleged, improper installation a nut became loose, causing extensive damage to the turbine as well as engine stall. It is alleged that this resulted in damages in excess of $2 million. See id. at Exhibit A ¶ 19 and 48.

Plaintiff filed an adversary proceeding in the bankruptcy court against AP&M alleging: (1) breach of contract; (2) contractual indemnification; (3) breach of warranty; and (4) negligence, gross negligence and recklessness. See id. at Exhibit A. Plaintiff incorrectly alleges that the bankruptcy court has "core" jurisdiction over these claims pursuant to Title 28, Section 157(b)(2)(A). See id. at Exhibit A ¶ 9. Plaintiff improperly alleges that its claims relate to "matters concerning the administration of the estate." 28 U.S.C.A. § 157(b)(2)(A) ("catch-all provision"). See id. All of the allegations in the Complaint arise out of the October 2005 Agreement and concern state law claims. See id. at ¶ 7. The resolution of these claims will require extensive discovery, expert testimony, and interpretation of the terms of the service agreement. There is not a single issue that will affect the reorganization petition filed by Calpine.

4

For the following reasons, this court should grant Calpine's motion to withdraw the reference from bankruptcy court.

### ARGUMENT

### POINT ONE

### CAUSE EXISTS FOR WITHDRAWAL OF THE REFERENCE UNDER SECTION 157(d)

Title 28, Section 157(d) provides in pertinent part: "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Congress enacted Section 157 in response to the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) ("Marathon"), which "struck down the provisions of the Bankruptcy Act of 1978 that vested authority in Article I bankruptcy courts to hear cases that, absent the parties' consent, constitutionally could only be heard by Article III courts ... ." In re United States Lines, Inc., 197 F.3d 631, 636 (2d Cir. 1999). The Supreme Court concluded, "Congress could not constitutionally empower a non-Article III bankruptcy court with the authority to adjudicate a *state breach-of-contract action, based on a pre-petition contract*, brought by a debtor against a defendant that had not filed a claim with the bankruptcy court." In re Orion Pictures Corp., 4 F.3d 1095, 1100 (2d. Cir. 1993) (emphasis added); see also Northern Pipeline Construction Co., 458 U.S. at 50.

Congress restricts the jurisdiction of the bankruptcy courts in Section 157 to avoid the unconstitutionally broad delegation of power within the Bankruptcy Act of 1978. Section 157(a) provides that "[e]ach district court may provide that any or all cases under title 11

5

and any or all proceedings arising under title 11 shall be referred to the bankruptcy judges

for the district." (emphasis added). The ability of a bankruptcy court judge to enter a final

judgment and order for a particular action is limited by whether the matter is classified as a

"core" or "non-core" proceeding.

> Section 157 classifies matters as either '**core proceedings**,' which
> the bankruptcy court may 'hear and determine' and on which the court
> 'may enter appropriate orders and judgments,' § 157(b)(1), or '**non-
> core proceedings**,' which the bankruptcy court may hear, but for
> which the bankruptcy court is only empowered to submit proposed
> findings of fact and conclusions of law to the district court for *de novo*
> review, § 157(c)(1).

In re Orion Pictures, 4 F.3d at 1100-1101 (emphasis added); see also 28 U.S.C.A. §

157(b)(1) and (c)(1). Therefore, where a matter is considered "non-core" but related, the

bankruptcy judge may not enter a final order or judgment.  The bankruptcy courts'

jurisdiction is further limited by the fact that they do not have the authority to conduct a jury

trial in a "non-core" proceeding. Id. at 1101. Finally, Section 157(d) permits a district court

to withdraw the reference of a particular matter from bankruptcy court "for cause shown."

(emphasis added).

Although Section 157 does not specifically define the term "for cause," courts in this

circuit evaluate a number of factors to determine whether the reference should be

withdrawn:

- whether the claim is "core" or "non-core;"
- whether the claim is legal or equitable
- considerations of efficiency;
- prevention of forum shopping;  and
- uniformity in the administration of bankruptcy law.

6

See In re Orion Pictures, 4 F.3d at 1101; see also In re McCrory Corp., 160 B.R. 502,
506 (S.D.N.Y. 1993).

## A.    Calpine's Claims Against AP&M Are "Non-Core"

In determining whether to withdraw the reference, the court must first determine that
the issue is "non-core." In re Orion, 4 F. 3d at 1101. This court must evaluate two factors
to determine whether Calpine's contract based claims are "core": "(1) whether the contract
is antecedent to the reorganization petition; and (2) the degree to which the proceeding is
independent of the reorganization." In re State Lines, Inc., 197 F.3d 631, 637 (2d Cir.
1999), citing In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 707 (2d Cir. 1995).
Calpine's claims arise out of a pre-petition contract and are completely independent of the
reorganization, and thus, are "non-core." Calpine's expansive view of the "catch-all"
provision Section 157(b)(2)(A) to include its claims against AP&M, ignores the law of this
Circuit and would render the Supreme Court's decision in Marathon meaningless.

First, "[t]he critical question in determining whether a contractual dispute is core by
virtue of timing is not whether the *cause of action* accrued post-petition, but whether the
*contract* was formed post-petition." In re State Lines, Inc., 197 F.3d at 637. A claim arising
out of a post-petition contract is considered a "core" claim. See id. However, "a dispute
arising from a pre-petition contract will usually not be rendered core simply because the
cause of action could only arise post-petition." Id. (emphasis added); In re CBI Holding
Co., Inc., 311 B.R. 350, 361-362 (S.D.N.Y. 2004) ("The fact that an action arises out of a
pre-petition contract weighs against the proceeding being deemed 'core'."). Calpine's
claims against AP&M arise out of the Agreement executed by the Parties in October 2005.

7

See Affidavit of Scott L. Haworth at ¶ 4.   On December 20, 2005, Calpine's parent company, Calpine Corporation, and certain of its subsidiaries, including Plaintiff, filed various petitions for relief under Title 11 of the Bankruptcy Code. See Haworth Aff. at Exhibit A ¶ 13.  Calpine alleges that AP&M breached the pre-petition contract beginning in March, 2006. See id. at Exhibit A.  Thus, although Calpine's claims allegedly accrued post-petition, they are based upon a pre-petition contract.

Second, the Court must evaluate the degree to which the proceeding affects a core administrative function of the bankruptcy reorganization. See In re Enron Corp., 349 B.R. 108, 111 (S.D.N.Y. 2006).  Here, the only relation that Calpine's claims may have to the bankruptcy proceeding is that in the event that Calpine is successful on its claims against AP&M, the value of the bankruptcy estate would increase.  However, "courts are reluctant to determine a proceeding is a core proceeding solely because of the potential for increased value of the enuring estate." In re Enron Corp., 349 B.R. at 112; see In re United States Lines, 197 F.3d at 638 ("where the insurance proceeds would only augment the assets of the estate for general distribution, the effect on the administration of the estate was insufficient to render the proceedings core.") citing In re Orion, 4 F.3d at 1102.  If courts were to find that a tenuous connection such as increasing the value of the estate renders the proceeding core, "such an interpretation would eliminate entirely the core/non-core distinction and would thus run afoul of Marathon." In re Enron Corp., 349 B.R. at 112, citing In re Orion, 4 F. 3d at 1102.

The facts of this case are virtually identical to those in both Marathon and In re Orion, where the courts determined that the proceeding was "non-core." See Northern Pipeline Construction Co., 458 U.S. at 50; see also In re Orion, 4 F.3d at 1102.  There, as

8

here, the claims arose out of a pre-petition contract and the cause of action accrued post-petition. The only impact of the adversary proceeding on the bankruptcy reorganization was that the recovery would augment the estate. The courts determined that in this instance where the defendant had not filed a proof of claim in the bankruptcy action, the breach of contract action was "non-core." Id. at 1102. Similarly, AP&M has not filed a proof of claim, a set-off counterclaim, nor initiated any proceeding whatsoever against Calpine. Therefore, Calpine's claims are "non-core."

Furthermore, unlike in this matter, in those cases where the court determines that post-petition causes of action based on a pre-petition contract are "core," the creditor has either filed a proof of claim or there is a substantial connection between the disposition of the adversarial proceeding and the reorganization petition. See e.g., In re Enron Corp., 349 B.R. at 112 (concluding that plaintiff's state law claims were "core" where a proof of claim or set off claim is filed because "courts reason that such creditors invoke the equitable jurisdiction of the bankruptcy court and avail themselves of the special procedures present only in the context of a bankruptcy proceeding."); In re Best Products Co., Inc., 68 F.3d 26, 32 (2d Cir. 1995) (finding that claims arising out of a subordination agreement are "core" because they are integral to setting the priority of creditors in the bankruptcy action); In re United States Lines, 197 F.3d at 639 (claims considered "core" where they "directly affect the bankruptcy court's core administrative function of asset allocation among creditors."); In re CBI Holding Co., Inc., 311 B.R. at 364 (distinguishing case from Marathon and Orion where proof of claim filed).

**B.      Calpine Seeks Legal Relief**

Calpine's complaint seeks monetary damages, which is unquestionably a claim for

legal relief.  The Supreme Court in <u>Dairy Queen Inc. v. Wood</u>, 369 U.S. 469 (1962), held

"insofar as the complaint requests a money judgment it presents a claim which is

unquestionably legal."  This further supports withdrawal of the reference because AP&M is

entitled to a jury trial for legal claims and "the constitution prohibits bankruptcy courts from

holding jury trials in non-core matters."  <u>In re Orion</u>, 4 F. 3d at 1101.  AP&M intends to issue

a demand for a jury trial in this matter.  See Haworth Aff. at ¶ 9.  Since this matter is a "non-

core" proceeding, the bankruptcy court does not have the authority to preside over the jury

trial.  Therefore, this court should withdraw the reference.  <u>See id.</u> ("If a case is non-core

and a jury demand has been filed, a district court might find that the inability of the

bankruptcy court to hold the trial constitutes cause to withdraw the reference.").

**C.      Concerns Regarding Judicial Economy and Uniformity Are Best Resolved If**
**         Reference Is Withdrawn.**

This matter involves the interpretation of various service contracts and warranties,

which require the knowledge and application of state law.  There is not a single claim at

issue that will utilize the specific knowledge and expertise of a bankruptcy judge.  Although

the fact that a claim involves state law in and of itself is not sufficient to withdraw the

reference, the fact that this litigation:  (1) has no relation to bankruptcy issues; (2) is in its

early stages; (3) is likely to involve an extensive amount of discovery; (3) will require

extensive expert testimony regarding the turbine;  and (4) is likely to result in a jury trial, all

weigh in favor of withdrawal.  <u>In re McCrory</u>, 160 B.R. 502, 507 (S.D.N.Y. 1993)

(withdrawing the reference where the court was convinced that "the adversary proceeding will focus more on the validity of the parties' trademarks and trade names rather than the administration of the debtor's estate."). Furthermore, since the claims at issue are "non-core," the bankruptcy court cannot nor is AP&M consenting to the entry of a final judgment. 28 U.S.C.A. § 157(c)(1). Therefore, the bankruptcy court is required to submit proposed findings and conclusions to the district court, which will require an unnecessary and wasteful second review of the entire matter. Id. This uneconomical use of judicial resources can be avoided if this matter is withdrawn to the proper court at the early stages of this litigation. Thus, withdrawal promotes judicial economy and preservation of resources.

## CONCLUSION

Based upon the foregoing, and the accompanying Affidavit , AP&M is entitled to an Order pursuant to Title 28, Section 157(d), withdrawing the reference of the adversary proceeding.

Dated:        New York, New York
              November 8, 2007

                                  Yours, etc.

                                  SEDGWICK, DETERT, MORAN & ARNOLD LLP


                                  Scott L. Haworth (SH 5890)
                                  Alan R. Levy (AL 0722)
                                  125 Broad Street, 39th Floor
                                  New York, New York 10004-2400
                                  Telephone: (212) 422-0202
                                  Facsimile: (212) 422-0925
                                  Attorneys for Defendant
                                  AP&M Field Services, Inc.

11

SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202
Facsimile (212) 422-0925
Attorneys for Defendant
AP&M Field Services, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| CALPINE CORPORATION, et al., | |
| Debtors. | Case No. 05-60200 (BRL) (Jointly Administered) |

----------------------------------------------------------------X

| | |
|---|---|
| CALPINE EASTERN CORPORATION, | Adversary Case No. 07-03033 (BRL) |
| Plaintiff, | **PROPOSED ORDER** |
| -v- | |
| AP&M FIELD SERVICES, INC., | |
| Defendants. | |

----------------------------------------------------------------X

Having considered AP&M Field Services, Inc.'s Motion to Withdraw the Reference,

pursuant to 28 U.S.C.A. § 157, IT IS HEREBY ORDERED that the Motion to Withdraw the

Reference be GRANTED.

Done at chambers this _____day of _____, 2007.

_____
U.S.D.J.

NY/513411v1

Case No.: 05-60200 (BRL) (Jointly Administered)

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
In Re

CALPINE CORPORATION, et al.,

Debtors.

CALPINE EASTERN CORPORATION,

Plaintiff,

- against -

AP&M FIELD SERVICES, INC.,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT AP&M'S MOTION TO WITHDRAW
THE REFERENCE**

SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant AP&M FIELD SERVICES, INC.

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004
Tel. (212) 422-0202

To
Attorney(s) for Plaintiff

Service of a copy of the within

Dated,                                              is hereby admitted.

Attorney(s) for

---

NOTICE OF ENTRY

Sir—Please take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.,
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To
Attorneys for

NOTICE OF SETTLEMENT

Sir—Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
Dated,

Yours, etc.,
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorney(s) for* Defendant

*Offices and Post Office Address*
125 BROAD STREET
NEW YORK, N.Y. 10004

To
Attorney(s) for

NY/51375v1