UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CALPINE EASTERN CORPORATION,                    Index No. 1:07-cv-09911 (GEL)

                                    Plaintiff,    **ANSWER, AFFIRMATIVE**
                                                  **DEFENSES AND JURY**
        -v-                                       **DEMAND**

AP&M FIELD SERVICES, INC.,

                                    Defendant.
-----------------------------------------------------------------X

        Defendant, AP&M FIELD SERVICES, INC, (AP&M) by and through their attorneys,

SEDGWICK, DETERT, MORAN & ARNOLD LLP, as and for its Answer to plaintiff's

Complaint dated October 15, 2007, hereby sets forth the following upon information and

belief:

## NATURE OF ACTION

        1.    Denies each and every allegation contained in paragraph "1," of the

Complaint.

        2.    Admitted only to the extent that a business relationship existed between

Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained

in paragraph "2," of the Complaint and said allegations are subject to plaintiff's burden of

proof at trial.

        3.    Admitted only to the extent that a business relationship existed between

Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained

in paragraph "3," of the Complaint and said allegations are subject to plaintiff's burden of

proof at trial.

4.      Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "4," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

5.      Denies each and every allegation contained in paragraph "5," of the Complaint.

6.      Denies each and every allegation contained in paragraph "6," of the Complaint.

7.      Denies each and every allegation contained in paragraph "7," of the Complaint.

8.      Denies each and every allegation contained in paragraph "8," of the Complaint.

## JURISDICTION AND VENUE

9.      Denies each and every allegation contained in paragraph "9," of the Complaint.

10.     Denies each and every allegation contained in paragraph "10," of the Complaint.

## THE PARTIES

11.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Complaint.

12.     Admitted only to the extent that AP&M's principal place of business in the State of Florida.  Further, Defendants deny any knowledge or information sufficient to form a belief as to all other portions of this allegation and said allegations are subject to plaintiff's burden of proof at trial.

2

## ALLEGATIONS

13.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Complaint.

22.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "22," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

23.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "23," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

24.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "24," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

25.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "25," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

26.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "26," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

27.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "27," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

28.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained

NY/515428v1

in paragraph "28," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

29.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of the Complaint.

31.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "31," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

32.    Denies each and every allegation contained in paragraph "32," of the Complaint.

33.    Denies each and every allegation contained in paragraph "33," of the Complaint.

34.    Denies each and every allegation contained in paragraph "34," of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36" of the Complaint.

37.    Denies each and every allegation contained in paragraph "37," of the Complaint.

NY/515428v1

38.    Denies each and every allegation contained in paragraph "38" of the Complaint.

39.    Denies each and every allegation contained in paragraph "39," of the Complaint.

40.    Denies each and every allegation contained in paragraph "40," of the Complaint.

41.    Denies each and every allegation contained in paragraph "41," of the Complaint.

42.    Denies each and every allegation contained in paragraph "42," of the Complaint.

43.    Denies each and every allegation contained in paragraph "43," of the Complaint.

44.    Admitted only to the extent that Counsel to AP&M contacted Calpine on September 21, 2006.  Further, Defendants deny all other portions of this allegation contained in paragraph "44," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

45.    Denies each and every allegation contained in paragraph "45," of the Complaint.

46.    Denies each and every allegation contained in paragraph "46," of the Complaint.

47.    Denies each and every allegation contained in paragraph "47," of the Complaint.

6

48.     Denies each and every allegation contained in paragraph "48," of the Complaint.

## COUNT I
### (Breach of Contract)

49.     AP&M repeats and realleges each denial as if fully set forth herein.

50.     Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "50," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

51.     Denies each and every allegation contained in paragraph "50," of the Complaint.

52.     Denies each and every allegation contained in paragraph "51," of the Complaint.

53.     Denies each and every allegation contained in paragraph "52," of the Complaint.

54.     Denies each and every allegation contained in paragraph "53," of the Complaint.

## COUNT II
### (Indemnification Against Losses)

55.     AP&M repeats and realleges each denial as if fully set forth herein.

56.     Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "56," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

7

57.    Denies each and every allegation contained in paragraph "57," of the Complaint.

58.    Denies each and every allegation contained in paragraph "58," of the Complaint.

59.    Denies each and every allegation contained in paragraph "59," of the Complaint.

**COUNT III**
**(Breach of Warranty)**

60.    AP&M repeats and realleges each denial as if fully set forth herein.

61.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "61," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

62.    Denies each and every allegation contained in paragraph "62," of the Complaint.

63.    Denies each and every allegation contained in paragraph "63," of the Complaint.

64.    Denies each and every allegation contained in paragraph "64," of the Complaint.

65.    Denies each and every allegation contained in paragraph "65," of the Complaint.

**COUNT IV**
**(Negligence, Gross Negligence and Recklessness)**

66.    AP&M repeats and realleges each denial as if fully set forth herein.

8

67.    Admitted only to the extent that a business relationship existed between Calpine and AP&M.  Further, Defendants deny all other portions of this allegation contained in paragraph "67," of the Complaint and said allegations are subject to plaintiff's burden of proof at trial.

68.    Denies each and every allegation contained in paragraph "68," of the Complaint.

69.    Denies each and every allegation contained in paragraph "69," of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the complaint fails to state a cause of action, cognizable in equity or law against the answering defendant and must therefore, be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate their damages, if any.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The bankruptcy court does not have proper jurisdiction over this matter, as such, AP&M does not consent to the entry of a final judgment or order by this Court.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant denies that this proceeding is a "core proceeding" and asserts that this matter in "non-core" and, as such, does not consent to an entry of final order or judgment by this Court.

NY/515428v1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The liability of this answering defendant, if any, to plaintiffs damages is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever damages were sustained by plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in said activities and such risks were assumed and accepted by plaintiff in performing and engaging in said activities.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the product was substantially altered after it left this answering defendant's possession and control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Answering defendant alleges that other parties, whether named or unnamed in the amended complaint, and whether known or presently unknown to this answering defendant, were negligent or legally responsible or otherwise at fault for the damages alleged.  Therefore, answering defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties.  Defendant further requests a

judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Answering defendant was not properly served and the Court therefore, lacks jurisdiction over the person of this defendant.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

That one or more of the causes of action are time barred pursuant to the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff was the result of the misuse and/or abuse of the aforesaid product by plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That any injuries/damages which plaintiff may have sustained at the time and place set forth in the complaint were caused in whole or in part by the contributory/comparative negligence and/or culpable conduct of the plaintiff and not as a result of any negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

This answering defendant owed no duty to plaintiff and did not breach any duties allegedly owed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Any and all damages sustained were the result of the acts or omissions of a third party over whom this defendant had no control of supervision.

NY/515428v1

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties in some or all of the causes of action who would be responsible for the damages alleged in plaintiff's complaint.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that all claims of plaintiff are barred or diminished because of the failure of plaintiff to preserve evidence or spoliation.

## AS AND FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies that this court has jurisdiction over this matter as AP&M has demanded a jury trial.  Defendant does not consent  to have the proceeding heard in the bankruptcy court.

## JURY DEMAND

This answering defendant demands a jury for all triable issues.

**WHEREFORE**, defendant AP&M FIELD SERVICES, INC. herein demands judgment dismissing plaintiff's complaint together with attorneys' fees, costs and disbursements of this action.

Dated:     New York, New York
           December 18, 2007

Respectfully submitted,

SCOTT L. HAWORTH (SH-5890)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendant
AP&M Field Services, Inc.

NY/515428v1

TO:    Richard M. Cieri (RC 6062)
       KIRKLAND AND ELLIS, LLP
       Citigroup Center
       153 East 53rd Street
       New York, New York 10022-4611

NY/515428v1

## <u>CERTIFICATE OF SERVICE</u>

     I, Scott L. Haworth, hereby certify and affirm that a true and correct copy of the attached **ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** was served via regular mail on this 18th day of December, 2007, upon the following:

          Richard M. Cieri, Esq.
          KIRKLAND AND ELLIS, LLP
          Citigroup Center
          153 East 53rd Street
          New York, New York 10022-4611

_____

SCOTT L. HAWORTH (SH-5890)

Dated: New York, New York
       December 18, 2007