

# SEDGWICK
## DETERT, MORAN & ARNOLD LLP



125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com



> **RECEIVED**
> APR 3 0 2008
>
> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> DOC #:
> DATE FILED: 5/1/08

April 30, 2008

**Via Hand Delivery**

The Hon. Gerard E. Lynch, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 910
New York, New York 10007

        Re:    ***Calpine v. AP&M Field Services***
               Civil Action No.:  1:07-cv-09911 (GEL)

Dear Judge Lynch:

        In accordance with your Honor's Individual Practice Rules, the parties submit this joint application seeking entry of an Amended Civil Case Management Plan ("CMP").  The parties agree in principle that the current CMP, a copy of which is enclosed, should be revised. However, the parties have reached an impasse with respect to the end date for discovery.

        The parties agree as to the revised dates set forth in the enclosed revised CMP.  This includes all deadlines other than the end date for expert discovery, and as a result, the deadlines for dispositive motions.

        Plaintiff believes expert discovery should conclude on August 15, 2008;  defendant believes expert discovery should conclude on September 30, 2008.  Both parties agree that dispositive motions should be filed within 30 days of completion of expert discovery, with opposition(s) to be filed 30 days later and reply(ies) 2 weeks thereafter.

**Defendant's Position:**

        Written discovery has recently been exchanged and based upon plaintiff's discovery, defendant recently noticed the depositions of four fact witnesses.  Plaintiff has not yet advised as to the availability of these witnesses.  Plaintiff has not yet noticed any depositions.  Based upon pre-suit investigation and discovery exchanged to date, defendant believes additional written discovery is likely, following one or more of the fact witness depositions.  Additionally, defendant believes an inspection of the subject product as well as the subject components by its experts is necessary.  That inspection has not yet occurred although it has been the subject of substantial correspondence between the parties since before plaintiff filed suit.  Plaintiff anticipates disclosing one expert;  defendant anticipates two experts.

---

Austin · Bermuda* · Chicago · Dallas · Houston · London · Los Angeles · New York · Newark · Orange County · Paris · San Francisco · Zurich
NY/524876v1

*Affiliated office.

Honorable Gerard E. Lynch, U.S.D.J.
Re: Calpine v. AP&M Field Services
April 30, 2008
Page 2

Additionally, defense counsel notes that he will be on trial in Superior Court, Monmouth County in a product liability fire matter entitled *Roth v. Invacare Corporation*, L-5375-05 commencing on July 28, 2008. Following this two – three week long trial, counsel is scheduled for a pre-paid annual family vacation. Between these conflicts and the typical vagaries of scheduling depositions during the summertime, defense counsel believes it both realistic and practical to complete discovery by the end of September.

**Plaintiff's Position:**

During the course of preparing this letter, defendant has at one time taken the position that the deadline for fact discovery is an issue, but it is plaintiff's understanding that the deadline for fact discovery, including all fact depositions, is now agreed to be June 27, 2008. Thus, the only outstanding issue between the parties is the deadline for the completion of expert discovery and, accordingly, defendant's comments regarding fact discovery are not pertinent. To be clear, plaintiff will continue to work with defendant and has not yet received any deposition notices.

As to the one outstanding area of dispute, the deadline for expert discovery, one month, from July 18, 2008 to August 15, 2008, is sufficient to complete expert discovery, which will largely consist of expert depositions. At this time, we believe we will have one expert witness, and defendant has indicated it intends to call two expert witnesses, which means there will be three expert witnesses total. Given the fact that there will likely be three experts, one month to conduct expert discovery is sufficient time. Additionally, the plaintiff has already agreed to significant extensions of the deadlines from the current CMP (deadlines to which defendant previously agreed) in an effort to work with defendant and, respectfully, does not believe a two and one-half month period of time to complete expert discovery in this case is warranted. Under this proposed schedule, dispositive motions should be due September 12, oppositions due October 10, and replies due October 24.

Last, late in the process of preparing this letter, defendant indicated that contrary to my prior understanding it did not agree that the deadline to serve requests to admits should remain February 8, 2008 as it was under the previously-agreed to CMP. The issue is not properly framed in this letter and the request should be denied for that reason alone. Also, there is no need to reopen the deadline for serving of RFAs, and reopening the deadline would only delay the matter as the parties have already served, and responded to, written discovery requests.

\* \* \*

Based upon the foregoing, we respectfully request that your Honor adopt the deadlines in the enclosed amended CMP, and determine the appropriate deadline for expert discovery. Please note that the parties are schedule to appear before your Honor for a conference on May 5, 2008. If the Court wishes to contact the parties beforehand, please contact the defense counsel, who will then arrange a call with Mr. Solum.

Honorable Gerard E. Lynch, U.S.D.J.
Re: Calpine v. AP&M Field Services
April 30, 2008
Page 3

Thank you for your consideration.

Respectfully yours,

Scott Haworth (SH 5890)
Attorney for Defendant

/S/
Matthew Solum (MS 1616)
Counsel for Plaintiff

1. Plaintiff is correct that one month should be enough for expert depositions -- in the abstract. However, defendant identifies specific reasons why defense counsel will be unavailable for most of that month and beyond, and plaintiff does not engage those reasons. Accordingly, defendant's proposed schedule is adopted.

2. Neither side gives any reasons for their respective proposals regarding requests to admit. However, defendant does not address the issue at all, and plaintiff's position adheres to the previously-adopted schedule. Accordingly, plaintiff's proposal is adopted.

3. These rulings will be embodied in a revised case management order issued this day.

SO ORDERED

GERARD E. LYNCH, U.S.D.J.

5/1/08