USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALPINE EASTERN CORPORATION,

    Plaintiff,

- against -

AP&M FIELD SERVICES, INC.,

    Defendant.

Case No.:   1:07-CV-09911 (GEL)

ECF CASE

## JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, information, documents and things have been and may be sought, produced or exhibited by and between the parties to the above-captioned proceeding, which materials are claimed to relate or to contain trade secrets, commercial information or other proprietary information entitled to protection under Rule 26 of the Federal Rules of Civil Procedure, as now or hereafter interpreted by the Courts; and

WHEREAS, Calpine Eastern Corporation ("Calpine") and AP&M Field Services, Inc. ("AP&M") (collectively the "Parties") have agreed that such information, documents and things shall be handled in accordance with the terms of this Confidentiality Stipulation and Protective Order (the "Order"); and

WHEREAS, the Parties are desirous of maintaining the confidentiality of the documents; and

WHEREAS, the Parties have agreed that such information, documents and things shall be handled in accordance with the terms of the Order;

IT IS HEREBY ORDERED as follows:

1. <u>Confidential Information.</u> This Stipulation shall govern the treatment of all documents, testimony and other discovery provided by either of the Parties (the "Producing Party") to a party (the "Receiving Party") in this action. Documents, which the Producing Party reasonably believes to contain non-public, confidential or proprietary business information may be designated to be confidential (the "Confidential Information"). Such designation must be made in good faith, by the Producing Party by letter to counsel for the Receiving Party, and by designation on the documents by stamping the word "CONFIDENTIAL" on each document at the time of production or by any other reasonable means agreed to by the parties. Testimony that any Producing Party deems to be confidential will be so designated by advising the court reporter at the beginning and conclusion of such testimony and following the procedures set forth in paragraph 9 hereof. In addition, the Producing Party shall have thirty days after receipt of a transcript of testimony to designate portions thereof as confidential. Until the thirty-day period has expired, every transcript shall be treated as confidential. If documents, testimony, or other discovery contain information that is proprietary to a non party, that non-party may additionally request the Producing Party to redact non-relevant information. The inadvertent production of any document, testimony or the information contained therein without a designation of "CONFIDENTIAL" shall not by itself be deemed a waiver of the Producing Party or a non party's claim of confidentiality as to such matter, and the Producing Party may thereafter designate the same as "confidential".

2. <u>Non-Party Information.</u> All information that is produced by a party, which the producing party has (a) obtained from a non-party; and (b) believes in good faith to constitute said non-party's proprietary information may be designated as Confidential Information by the

2

producing party and shall be treated as confidential by the parties in accordance with this Stipulation. The inadvertent production of any such document, testimony or information without a designation of "confidential" shall not by itself be deemed a waiver by the Producing Party of its claim of confidentiality, and the Producing Party may thereafter designate the same as "CONFIDENTIAL".

3. <u>Use of Confidential Information</u>. Documents, testimony and the information contained therein which have been designated by any Producing Party as Confidential Information shall be used solely for the purposes of this litigation or any appeal thereto and for no other purpose, including, without limitation, the publication, advertisement or disclosure of any Confidential Information to anyone other than as expressly authorized by this Protective Order.

4. <u>Designated Persons</u>:    Only the following "designated persons" shall have access to Confidential Information disclosed pursuant to this Protective Order, and only upon the condition that each such designated person agrees to treat the Confidential Information as confidential and agrees to be bound by this Protective Order. For the purpose of this Agreement, the term "Designated Persons" means:

(a)    employees of the respective Parties who have a need to know the Confidential Information being disclosed and only to the extent reasonably necessary to enable such employee to assist in the prosecution or defense of this action including in-house attorneys, who have responsibility for maintaining, defending, or evaluating this litigation or otherwise assisting outside counsel;

3

(b) attorneys, paralegals, law clerks, clerical personnel and copy personnel, if any, in the offices of counsel of record for the parties who are assisting in the preparation and prosecution of this proceeding;

(c) persons retained by the parties or their counsel to serve as consultants to assist in the preparation and prosecution of this action or to serve as expert witnesses and their clerical assistants;

(d) this Court (and any appellate court), including court personnel, court reporters, jurors and alternate jurors;

(e) persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation; and

(f) persons noticed for depositions or designated as trial witnesses to the Litigation to the extent reasonably necessary to prepare them to testify.

5. <u>Execution of Undertaking</u>. No person described in paragraphs 4(c) and (f) hereof shall be given access to any Confidential Information disclosed pursuant to this Stipulation until such person has executed an undertaking in the form annexed hereto as Exhibit A. Confidential Information may be disclosed only to the extent reasonably necessary to enable such designated person to assist in the prosecution or defense of this action.

6. <u>Permission to Disclose</u>. Any party may request from the Producing Party permission to disclose the Confidential Information to a specific individual not otherwise specified in paragraph 4, who shall be identified in the application. If the parties are unable to resolve the request by agreement, the dispute shall be presented to the Court for resolution.

4

7. <u>Confidential Information Filed With the Court</u>. If filed with the Court, all portions of transcripts of depositions, exhibits, Answers to Interrogatories and Responses to Requests for Admission and other documents and materials, including motion papers or briefs filed with the Court, which contain or refer to Confidential Information, shall be filed in sealed envelopes on which shall be endorsed the title and index number of the contents of such sealed envelopes, the words "Confidential Information" and a statement substantially in the following form: "This envelope containing documents which are filed in this matter by [name of party], pursuant to a Protective Order made on June __, 2008 is not to be opened nor are the contents thereof to be displayed or revealed except by or under the direction of the Court".

8. <u>Answers to Interrogatories and Document Production</u>. If any of a party's Answers to Interrogatories propounded by another party or Production of Documents demanded by another party contain Confidential Information, those Answers or Documents shall be set forth in a separate document designated as "Answers to Interrogatories Containing Confidential Information" or "Document Production Containing Confidential Information", as the case may be. Said separate document shall be distributed only to designated persons as described herein and, if filed with the Court, shall be filed under seal in accordance with paragraph 7 hereof.

9. <u>Depositions</u>. When any party uses or seeks to elicit Confidential Information at the deposition of any person at the instance of the designating party, all persons other than the designated persons authorized under paragraph 4 above shall be excused from the deposition during the time that the Confidential Information is being disclosed or discussed at the deposition. The court reporter shall be directed to transcribe and bind separately that portion of the examination and the exhibits thereto deemed to be confidential and to designate said material as confidential pursuant to this Protective Order. Such transcript, if filed or used in connection

5

with any pleading, motion, brief or hearing, shall be filed under seal in accordance with paragraph 7 above.

10. Hearing. At trial or upon any motions or other proceedings, subject to the Rules of Evidence and Order of the Court, a party may use any Confidential Information for any purpose, including introduction into evidence, provided that adequate prior notice of such use is given to counsel for the Producing Party to permit the opportunity to obtain appropriate protection from the Court.

11. Disagreement With Confidentiality Designation. If a party to the Protective Order who receives any Confidential Information disagrees with respect to its designation as Confidential Information, in full or in part, or to any redactions made on the document, it shall notify the Producing Party in writing, and they will thereupon confer as to the status of the subject information. If the parties are unable to concur upon the status of the subject information, the party who disagrees with the designation may raise the issue with the Court, subject to the following exception.

12. Inadvertent Production. In the event documents which are claimed to be confidential, privileged or protected by the work product doctrine are inadvertently produced, such documents shall be returned by the receiving party to the Producing Party within two (2) days of any written request therefore, unless the receiving party challenges the privileged or protected nature of the document(s), in which case the Producing Party shall make application to the Court for return of the document(s). While such application is pending, the receiving party shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of

6

any document claimed to be confidential, privileged or protected shall not constitute or be deemed a waiver of any such privilege or protection.

13. <u>Subpoenaed Confidential Information</u>. If a party in possession of Confidential Information receives a Subpoena from a non-party to this litigation seeking production or other disclosure of Confidential Information, it shall immediately give written notice by certified mail, return receipt requested, to counsel for the party or non-party who produced the Confidential Information, identifying the material sought and enclosing a copy of the Subpoena. Where possible, at least ten days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

14. <u>Return of Confidential Information</u>. Within 60 days of the final disposition of this action, including any appeal, the parties shall return to each respective Producing Party, or its attorney, all copies of all Confidential Information subject to this Protective Order or, in the alternative, shall destroy all such copies and any notes made by any person which contain or reveal such Confidential Information, excluding documents filed with the Court. At that same time, each party shall also notify counsel for the Producing Party in writing that a good faith effort has been made to return or destroy all materials containing Confidential Information.

15. <u>Binding Effect</u>. After the termination of this litigation, this Protective Order shall continue to be binding on the parties hereto and on all persons to whom Confidential Information has been disclosed or communicated.

16. <u>Amendment</u>. Nothing in this Order will preclude any person or party from seeking Court intervention to further restrict, enlarge, modify, amend, or supplement this Protective

Order with respect to any discovery requested in this litigation or the persons subject to this Protective Order.

17. Counterparts. Consent to this Protective Order may be signed in several counterparts, but all when taken together shall constitute but a single consent order when "so ordered" by the Court.

_____
Hon. Gerard E. Lynch
United States District Court
Southern District of New York
6/23/08

I herby consent to the contents and entry of this Protective Order:

Dated: 6/18/08

_____
Scott Haworth (5890)
Sedgwick, Detert, Moran, & Arnold, LLP
Attorneys for AP&M

Dated: June 18, 2008

_____
Carl D. LeSueur
Kirkland & Ellis, LLP
Attorneys for Calpine

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Calpine Eastern Corporation,<br><br>　　　　Plaintiff,<br><br>- against -<br><br>AP&M Field Services, Inc.,<br><br>　　　　Defendant. | Case No.:　1:07-CV-09911 (GEL)<br><br>ECF CASE |

　　　I, _____, do hereby declare:

　　　1. My address is _____.

　　　2. My present employer is _____.

　　　3. My present occupation or job description is_____.

　　　4. I have received a copy of the Protective Order filed in the above-entitled action, and entered on June ___, 2008.

　　　5. I have carefully read and understand the provisions of the Stipulated Protective Order and agree to abide by its terms and conditions.

　　　6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I hereby declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Subscribed this ___ day of _____, 2008, at _____, _____.


　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　(Signature)